UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-80030-CR-DIMITROULEAS/MATTHEWMAN

UNITED STATES OF AMERICA,
Plaintiff,

v.

JAMES BOCCUZZI,
Defendant.
_____/

**DEFENDANT JAMES BOCCUZZI'S "MOTION IN LIMINE AND TO STRIKE SURPLUSAGE FROM THE INDICTMENT"**

Defendant moves this Honorable Court to entertain this Motion and thereafter enter an Order striking as surplusage Overt Act number 35 in Count One of this Indictment, and preclude the Government from making argument or other reference to same in Opening Statement and otherwise during the remainder of the trial herein, and as grounds therefore respectfully shows unto the Court as follows:

I.	Procedural and Factual Background

Defendants were indicted on March 4, 2019 in a multi count Indictment alleging, among other things, conspiracy and distribution of a controlled substance. The relevant portion of the Indictment here is Count One. The Indictment alleges that the Defendants conspired to (1) unlawfully enrich themselves by using materially false and misleading statements to distribute certain specified products in interstate commerce they claimed to be legal dietary supplements but were in fact illegal to distribute , and in some cases hazardous to consumers, and (2) distribute certain specified products  in interstate commerce these illegal products without detection by the Food and Drug Administration.

As part of Count One of the Indictment the Grand Jury laid out a series of Overt Acts allegedly undertaken by the Defendants in furtherance of the conspiracy. In particular, the allegation found at Overt Act number 35 of Count One of the Indictment reads:

"On or about August 4, 2016, JAMES BOCCUZZI, sent an email to a wholesale customer and attached a document entitled "Certificate of Free Sale," which falsely described BOCCUZZI as an FDA employee. In the email, BOCCUZZI wrote, "This is the best I can do. I dont [sic] even feel comfortable doing this because I am impersonating the FDA and our business could get shut down, tons of people will lose their jobs."

The specified "products" of the Defendants are: Super DMZ RX 2.0, Alpha-1 Mas, Ostarpure, Ostapro, PCT IV, Angel Dust, and Euphoria RX (see Overt Act number 11 of Count One)

While this is arguably an overt act in furtherance of the conspiracy outlined in Count One, it is Defendants' contention, as more fully developed below, that this paragraph is surplusage and not necessary to the elements of the offense charged and should be stricken from the Indictment prior to submission to the Jury. The list of products attached to the actual email from Defendant Boccuzzi in Overt Act number 35 does not contain any of the above specified products made the object of Count One of the Indictment herein; and, any referenced products are those intended for distribution in "foreign commerce" ---not "interstate commerce." As such, this Motion in Limine follows.

II.     <u>Legal Analysis and Memorandum in Support</u>

The District Court is empowered to redact an Indictment to avoid unfair prejudice. The Eleventh Circuit has held that "upon the motion of the defendant the court may strike surplusage from the indictment or information. A redaction of an indictment is permissible so long as the elements of the offense charged are fully and clearly set out in what remains." <u>U.S. v. Atkinson</u>, 135 F.3d 1363 (11th Cir. 1998).  <u>F.R.Crim.P.</u> 7 provides that an Indictment must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. The Advisory Committee notes to the rule explain that this rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in the indictment or information, which may, however be prejudicial. <u>United States v. Kemper, 503 F.2d</u>

327, 329 (6th Cir. 1974). A motion to strike surplusage from an Indictment should be granted where it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. F.R. Crim.P 7(d)(1); US v. Awan, 966 F2d 1415 (11th Cir. 1992 ); US v. Brye , 318 Fed. Appx. 878 (11th Cir. 2009).  While the standard for striking surplusage from an Indictment is exacting, US v. Huppert, 917 F2d 507 (11th Cir. 1992),  it should be struck If the defendant establishes its prejudicial nature and its irrelevance.

Here, Count One of the Indictment, Overt Oct number 35 alleges elements of a potential crime that are not essential or relevant to the charges of the Indictment (fraud and distribution of specified products in "interstate commerce." It relates, at best, to a crime for which the defendant does not stand indicted.  Thus, the Court is tasked with balancing the competing interests of prejudice and relevance.  F.R.Evid. 403 and 404 govern the exclusion of otherwise relevant evidence for prejudice, confusion, waste of time or other reasons, and the admissibility of crimes or other acts to prove a plan, knowledge, identity, absence of mistake or lack of accident.

F.R.Evid. 403 provides that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.Evid. 404 (b)(2) on the other hand provides that "Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

Courts assess admissibility of extrinsic bad acts under Rule 404 using a three-part test: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that a jury could find the defendant committed an extrinsic act; and (3) the evidence must posses probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.  US v. Jernigan, 341 F.3d 1273 (11th Cir. 2003).  Part three of the

test is an analysis of Rule 403. In making Rule 403 determinations District Courts need to conduct a common sense assessment of the circumstances of the extrinsic act, including prosecutorial need, overall similarity between the extrinsic act and the charged offenses, as well as the remoteness of the extrinsic act. US v. Calderon, 127 F3d 1314, 1332 (11th Cir. 1997). Here the extrinsic evidence is devoid of standalone probative value as to the underlying offenses charged in the Indictment. The risk of prejudice here is apparent. Introducing the extrinsic act would increase the risk that the jury would engage in propensity reasoning.

Indictments and evidence should not make the jury cognizant of any prior bad acts beyond those necessary as an element of the offense charged. US v. King, 897 F2d. 911 (7th Cir. 1990); US v. Wilson, 922 F2d. 1336 (7th Cir. 1991). As Overt Act number 35 herein is an uncharged crime and one of a multitude of alleged Overt Acts it is not necessary to any element of the offenses charged. It does not have any standalone probative value and the risk of harm to the defendant is great.

For the above and foregoing reasons the Court should grant Defendant's motion and strike Overt Act number 35 of Count One of the Indictment as surplusage being unnecessary to the prosecutors case as well as unduly prejudicial to the Defendant; and further, that the Government should be prohibited from making reference or argument about same in Opening Statement and throughout the remainder of the trial in this cause .

### CONSULTATION WITH OPPOSING COUNSEL (LOCAL RULE 88.9)

Undersigned counsel has consulted with the government's attorneys, Alistair Reader, Trial Attorney, and David Frank, Senior Litigation Counsel, Consumer Protection Branch, United States Department of Justice.  They object to the Court granting this Motion.

Respectfully submitted, this 30th day of January, 2020.

*/s/ J. Stephen Salter*
**J. Stephen Salter, Esq.**
8975 Pompano Way
Gulf Shores, Alabama 36542
Phone: 205-585-1776
Email: umstakwit@aol.com

**Richard G. Lubin, Esq.** (Local Counsel)
707 North Flagler Drive
West Palm Beach, FL 33401
Telephone: 561-655-2040
Email: rich@lubinlaw.com
Fla. Bar No. 182249

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Richard G. Lubin, Esq.*
RICHARD G. LUBIN
Local Counsel for J. Stephen Salter