UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO.  19-80030-CR-DIMITROULEAS

      Plaintiff,

vs.

PHILIP BRAUN,
AARON SINGERMAN,
JAMES BOCUZZI and
BLACKSTONE LABS, LLC,

      Defendant.

_____/

## **O R D E R**

THIS CAUSE is before the Court on Defendants' October 1, 2021 Motion to Dismiss with Prejudice for Speedy Trial Act Violations [DE-489].  The Court has considered the court file, the Government's October 7, 2021 Response [DE-496] and Defendants' October 14, 2021 Reply [DE-509], and the Court finds as follows:

1.  The Indictment was returned on March 7, 2019.  [DE-1]

2.  On March 20, 2019, a trial was set for May 6, 2019.  [DE-59].

3.  On April 11, 2019, the Government filed a Speedy Trial Report, indicating that seventy (70) days remained before speedy trial would run [DE-82].

4.  On April 16, 2019, the Government filed an Unopposed Motion to Continue Trial, requesting that the case be designated as "Complex" and requesting to exclude time under the Speedy Trial Act.  [DE-94].

5.  On April 24, 2019, Defendant Braun's trial was scheduled to begin on May 24, 2019. [DE-125].

1

6.  On April 29, 2019, a motion to disqualify defense counsel was denied.  [DE-129].

7.  On May 2, 2019, a Speedy Trial Report indicated that sixty-one (61) days remained. [DE-139].  On that date, Braun filed a Status Report and Motion to Continue Trial [DE-138]. Defendants sought an extended trial date because the case was "a complex, multi-document, multi-witness, and expert intensive case."  Constitutional and statutory speedy trial rights were waived.  Defendant also agreed that the ends of justice and fairness were served by a continuance.  Although a defendant may not consent to forfeiting his right to a Speedy Trial, it is a factor that the Court can consider in deciding whether the ends of justice were served by a continuance.

8.  On May 3, 2019, a new trial date for all defendants was set for January 6, 2020.  [DE-143]; [DE-169, p. 74].  The Court entered an ends of justice order three days later.  [DE-145].

      A.  At the May 3, 2019 calendar call Braun's counsel asked for a February 2020, or a little later, trial date.  [DE-169, p. 5].  Braun personally agreed with the continuance for both himself [DE-169, p. 7], and for the corporation.  [DE-169, p. 8].

      B.  Singerman's counsel asked for a June 2020 trial date.  [DE-169, p. 9]. Singerman personally approved the request.  [DE-169, p. 13].

      C.  Bocuzzi personally approved the continuance.  [DE-169, p. 21].

9.  On July 29, 2019, Defendants filed a Joint Motion for Continuance, conceding that they had waived their right to speedy trial through January 6, 2020.  [DE-180].  Defendants sought an October, 2020 trial date.  They cited the complicated nature of the alleged conspiracy and underlying investigation, the voluminous discovery, and the number of defendants and unindicted co-conspirators, and they concluded that the case was complex.  On August 12, 2019, this court entered an ends of justice order, continuing the trial until May 11, 2020.  [DE-190].

The Court considered those factors in deciding that the ends of justice were served by the continuance.  At the August 12, 2019 hearing, Singerman's counsel indicated that the Speedy Trial Act was not a concern[1].  [DE-191, pp. 19-20].  Braun's counsel requested the last quarter of 2020.  [DE-191, p. 24].  Boccuzzi personally approved the request.   [DE-191, p. 25].  Singerman personally approved the request.  [DE-191, pp. 25-26].  Braun personally approved the continuance.  [DE-191, p. 26].  The Government opposed the continuance [DE-191, p. 27].  The Court set a trial date of May 11, 2020.  [DE-191, p. 39].  At that hearing the Court said:

> So, I mean, I have to do what I think is fair to the defendants and fair to the government. I think that justice delayed is justice denied both for the defendants and for the government. So, I think there's a happy balance that the Court has to reach so that it's comfortable that the fine defense attorneys in this case can have the tools to advise their clients whether to go to trial or not and to defend them should they continue with their decision to rely on the presumption of innocence. So, I'm thinking that a four-month continuance is appropriate in this case. [DE-191, p. 35].

10.  On January 24, 2020, the government disclosed possible impeachment evidence relating to Terrence Boos.  That information formed part of the basis for a January 31, 2020 Motion to Dismiss [DE-228] that was replaced by a motion on February 3, 2020 [DE-234].  The Court found that the Government had satisfied its *Brady/Giglio* obligations and denied the motion on March 17, 2020 [DE-362]. The deadline for filing defensive motions passed on January 31, 2020 [DE-189].  On March 13, 2020, the Chief Judge of the Southern District of

---

[1] The Court accepts the proposition that defendants cannot enlarge the Speedy Trial time by mere consent or waiver. *U.S. v. Young,* 674 Fed. Appx 855, 857-58 (11th Cir. 2016) *citing, Zedner v. U. S.,* 547 U.S. 489, 500 (2006).

Florida entered an Emergency COVID 19 Order.  On April 10, 2020, Defendants filed a Joint Motion for Continuance, requesting an October 26, 2020 trial date.  [DE-373].  The Court entered an ends of justice order on April 10, 2020, continuing the trial to October 26, 2020.  [DE-375].

11.  On August 28, 2020, Defendants filed a Joint Motion for Continuance, requesting a trial date of June 14, 2021, [DE-391], recognizing that, based upon the pandemic, this Court's administrative order had continued all trials scheduled after March 30, 2020.  On August 28, 2020, this court entered an ends of justice order, continuing the trial until June 14, 2021 [DE-392].

12. On March 19, 2021, Defendants filed an Unopposed Motion to Continue Trial [DE-427].  The Court entered an ends of justice order, continuing the trial until October 12, 2021. [DE-428, 429]

13.  On May 27, 2021, Defendants filed a Joint Motion for Status Conference [DE-433]; they were concerned about the difficulties in resuming trials in view of issues created by the pandemic.  A status conference was held on June 3, 2021.  [DE-435].  The Court indicated that criminal trials could resume as early as July 19, 2021.  [DE-440, p. 10].

14.  On August 26, 2021, Defendants filed an Unopposed Motion to Continue Trial Due to COVID 19 Pandemic [DE-452].  The motion indicated that each defendant had previously waived speedy trial and would execute written waivers, if requested.  It was represented that the Government would suggest a late March, 2022 trial date.  A hearing was set for September 24, 2021.  [DE-454].  On September 14, 2021, Defendants filed a Supplemental Motion to Continue Trial [DE-469].  The motion also indicated that the Government and defendants had reached an agreement on a reasonable trial resetting and that neither party would be prejudiced by a

continuance.  On September 15, 2021, the court indicated that it discounted any fears that social distancing would impair effective assistance of counsel, but issues regarding a continuance would be discussed at the upcoming status conference, already set for September 24, 2021 [DE-472].  A hearing was held on September 24, 2021, and the motion to continue was denied, without prejudice to renew at the calendar call, set for October 8, 2021.  [DE-484].  On October 8, 2021, Defendants asked for a trial date in 2022.  They were not ready to argue two pending motions (including this one) and asked for the allotted time to file their replies.  Finally, they mentioned that a North Carolina witness might not be available to testify in Florida during the pandemic; the Court indicated that they might need to perpetuate her testimony.  The trial was reset until November 22, 2021; an ends of justice order was entered [DE-498].

15.  On October 1, 2021, Defendants had filed the instant Motion to Dismiss with Prejudice[2] for Speedy Trial Act Violations.  [DE-489].   The Government has not objected to the timeliness of this motion; they have not argued that the basis for this motion would have been known before the deadline for filing defensive motions passed on January 31, 2020 [DE-189].  Defendants contend that they were not tried within seventy (70) days of the last co-defendant's arraignment, here, Phillip Braun on April 22, 2019 [DE-114].  The defendants fault the court's failure to specify its reasons for finding that the ends of justice were served by two continuances: May 2, 2019 [DE-145] and August 12, 2019 [DE-190].  However, defendants concede that the Court may place the reasons for granting a continuance at the time of ruling on a Motion to

---

[2] In determining whether a Speedy Trial Act violation warrants dismissal of the indictment with or without prejudice, a district court must consider the seriousness of the offense, the circumstances leading to a dismissal, and the impact that re-prosecution would have on the administration of justice.  *U.S. v. Ammar*, 842 F. 3d 1203, 1212  n. 8 (11th Cir. 2016).  These are serious charges that were so complex that continuances were necessary to ensure a fair trial.  Had the court now decided that a speedy trial violation had occurred, the dismissal would have been without prejudice, as a re-prosecution would not have adversely impacted the administration of justice.  There may be some situations where a speedy trial dismissal ends the prosecution against a defendant; it did not in Ammar (11-20613CR, reindicted in 17-20160CR) and it would not have here.

Dismiss. *U.S. v. Myrie*, 479 Fed. Appx. 898, 902 (11th Cir. 2012); *see also U.S. v. Archible*, 2020 WL 6489311*3 (N.D. Ga. 2020). Here, the Court finds that a failure to grant both requested continuances would likely have resulted in a miscarriage of justice because the case was so unusual and complex that it was unreasonable to expect adequate preparation within the statutory time limits. Moreover, had the Court required defendants to proceed to trial on May 6 or 24, 2019, or January 6, 2020, it very well may have denied their counsel reasonable time to effectively prepare. 18 U.S.C. § 3161(h)(7)(B). Indeed, on April 16, 2019, the Government had filed an Unopposed Motion to Designate Case as Complex, Continue the Trial Date, and Exclude Time Under the Speedy Trial Act. [DE-94]. Eleven (11) days after the last co-defendant's arraignment, defense counsel asked that the trial be postponed until 2020; all defendants consented. The day before that hearing, counsel for Braun and Blackstone agreed that the ends of justice warranted a continuance [DE-138]. The same counsel argued the motion the next day, after referencing his motion, and all defendants agreed with the request. Here, defendants did not ask this Court to continue the case and charge the continuances to the Government. They did not announce ready for trial and ask the Court to exclude any tardily or undisclosed evidence at trial. They got what they asked for and more; because of COVID 19, plenty of time has been afforded them to prepare their defense. In their July 29, 2019 Motion to Continue, they again conceded that the case was complex. [DE-180, p. 10]. Here, the ends of justice warranted a continuance for the same reasons as the earlier continuance had. Here, defendants never argued that chronic discovery violations should cause the court to find that the delay was not excludable. They wanted and received continuances. Had they asked for the Speedy Trial time to continue to run; such a request would have been denied; the case would have been tried before the pandemic started and before the seventy (70) day Speedy Trial time had allegedly run. The Court now has

explained the bases for the ends of justice mandated continuances. Moreover, this is not a situation where the Government had not been diligent in their preparation of the case and received a continuance over the Defendants' objections; the Government objected to the continuance granted on August 12, 2019.  No continuance was granted in this case because of a lack of diligent preparation by attorneys for the Government 18 U.S.C. § 3161(h)(7)(C).

    16.   Defendants also contend that the Government prematurely filed this criminal case on March 7, 2019 to get a tactical advantage in a pending civil case to return property[3].  They also contend that the Government's failure to diligently prepare its case caused the August 12, 2019 continuance and that the sixty-seven (67) day period, after January 6, 2020 until the COVID 19 order was entered, should not be excluded from the Speedy Trial calculations. Here, the Court does not find that the delays in this case were attributable to the Government's failure to diligently prepare its case.  If the Government is not diligent in providing discovery, they run the risk of being forced to go to trial, without the late-disclosed evidence, as the Court indicated on August 12, 2019 [DE-191, p. 36].  Defendants decided not to gamble on going to trial before the government was arguably as ready as they would perhaps be later.  Defendants' strategy was apparently wanting to give their counsel more time to prepare a defense.  Here, the Court does not find that the Government acted in bad faith; the Court does not find that there was a chronic[4] failure in the government's complying with their discovery obligations.

---

[3] Count One of the indictment charges a conspiracy from August 28, 2012 until August, 2018; the search warrants were served on February 16, 2017.  If it weren't for the COVID 19 caused delays, one wonders whether the complaint would have morphed into a due process delay-based complaint.

[4] Defendants give three examples in their reply to support a finding of chronic discovery violations. First, Defendants complain that the Government waited four months to request documents from the FDA that took only two weeks to produce.  The Court views this complaint as a version of "Monday Morning Quarterbacking". Second, Defendants complain that the Government waited until January, 2020 to request impeachment material from Terrence Boos.  Yet, as to both the first and second complaints, the Court rejected any prejudice argument in denying a defense motion to dismiss on March 17, 2020 [DE-362]. Third, Defendants complain that the Government waited until after Justin Smith pled guilty to produce his proffer or factual proffer statements [DE-33 in 20-80048CR]. Again, no prejudice has been shown as defendants would not have been ready for trial any earlier had

Wherefore, the Motion to Dismiss [DE-489] is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of October, 2021.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record

---

Smith's proffer letter been disclosed earlier or had he pled guilty before May 18, 2021.  There is no showing that these perceived discovery violations contained *Brady* or *Giglio* material.  They, along with other perceived miscues, do not establish a chronic pattern of discovery abuse in what everyone has agreed was and is a complex case..

8